# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| NORTHWEST IOWA TELEPHONE, LLC<br><br>     Plaintiff,<br><br>vs.<br><br>MCI COMMUNICATIONS SERVICES, INC.<br>D/B/A VERIZON BUSINESS SERVICES,<br><br>     Defendant. | CIVIL ACTION NO.:  <u>5:09-cv-4103-MWB</u> |

## COMPLAINT

Plaintiff, NORTHWEST Iowa Telephone, LLC ("NORTHWEST Telephone" or "Plaintiff"), hereby files this Complaint against Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services ("Verizon Business" or "Defendant"). In support of this Complaint, NORTHWEST Telephone states as follows:

### NATURE OF THE ACTION

1.      This is a collection action involving Defendant's failure to pay legally required charges for its use of Plaintiff's local network facilities to connect long distance calls. Whenever one of Defendant's customers makes a long–distance call to one of the Plaintiff's local telephone customers, Defendant uses Plaintiff's facilities to complete, or "terminate", the long-distance call to the called party. Whenever one of Defendant's customers, who is also a customer of Plaintiff's local exchange services, makes a long distance call, Defendant uses Plaintiff's facilities to start, or "originate", the long-distance call to the called party.  Pursuant to Plaintiff's federal and state tariffs on file with the Federal Communications Commission ("FCC") and the applicable state regulatory commission, Defendant is required to pay Plaintiff the filed rate for access to

Plaintiff's local exchange facilities. Defendant has failed to pay Plaintiff the filed rates in the tariffs.

## PARTIES

2.     Plaintiff NORTHWEST Telephone is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 504 Fourth Street, Sergeant Bluffs, Iowa 51054, and is engaged in the business of providing telecommunications services, including interstate and intrastate exchange access services.

3.     Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services ("Verizon Business") is a corporation organized under the laws of the state of Delaware and has its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147.

## JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction herein pursuant to 28 U.S.C. §§ 1331 and 1337 because this case arises out of federal law, the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq*., and federal tariffs filed with the Federal Communications Commission, and pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.     This court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367.

6.     This court has personal jurisdiction over the Defendant because it is engaged in the systematic and continuous conduct of business in the state of Iowa. Defendant provides telecommunications and telecommunications related services in the state of Iowa. Defendant's conduct in connection with the state of Iowa required it reasonably to anticipate that it would be subject to the general jurisdiction of the courts in the state of Iowa.

{00160213.DOCX }

2

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that the Defendant is found in and transacts business in this judicial district.

## FACTS COMMON TO ALL CLAIMS

8.     Plaintiff is engaged in the business of providing telecommunications services and telecommunications related services. These services include, but are not limited to, interstate and intrastate exchange access.

9.     At all times relevant to this action, Defendant has engaged in providing telecommunications services and telecommunications related services for which Defendant has utilized Plaintiff's interstate and intrastate exchange access services.

10.     From on or about May, 2007 to the present, Plaintiff has provided and continues to provide to Defendant various telecommunications services including, but not limited to, interstate and intrastate access services pursuant to applicable federal and state tariffs.

11.     Plaintiff invoiced and continues to invoice Defendant monthly for such services purchased by Defendant.

12.     Plaintiff's charges for the services have been and continue to be in compliance with all applicable tariffs.

13.     Despite receiving notice of its delinquency, Defendant failed to pay the amounts owing. These amounts owed to Plaintiff exceed one million five hundred thousand dollars ($1,500,000). In addition, Defendant owes Plaintiff late payment fees calculated pursuant to applicable tariff provisions.

14.     Defendant is responsible for any fees or expenses, including attorneys' fees, in Plaintiff's collecting or attempting to collect, any charges owed in accordance with the tariffs.

15.     Plaintiff reserves the right to amend their claims to include any additional charges that may be owed by Defendant and such attorneys' fees, costs, expenses and interest as may be allowed by law.

16. Defendant has billed for and collected payments from its customers who made the interexchange calls at issue in this complaint.

17.     Defendant's rates, billed to and collected from its long distance customers with respect to the calls at issue at bar, do not take into account its failure to pay Plaintiff for the costs of using Plaintiff's local exchange facilities.    To the extent of the amount of the Plaintiff's charges which Defendant has failed to pay for use of Plaintiff's local exchange network, Defendant has increased its revenue to cost ratio per such long distance call. Defendant has completed millions of long distance calls using Plaintiff's local exchange facilities without paying Plaintiff anything for the use of those facilities.

## COUNT I

### Breach of Tariffs

18.     The allegations set forth in paragraphs 1 through 17 above are incorporated herein by reference.

19.     Plaintiff filed various tariffs with the Federal Communications Commission and the Iowa Public Utilities Board.

20.     The tariffs describe the rates and services offered by Plaintiff to its customers and contain rules and regulations pursuant to which such telecommunications services are rendered.

21.     By using the exchange access services provided by Plaintiff, Defendant undertook and assumed an obligation to make all payments due to Plaintiff in accordance with the terms of the tariffs.

{00160213.DOCX }

4

22.     Defendant is in breach of the tariffs because Defendant has failed to pay for services provided it by Plaintiff in accordance with the tariffs.

23.     As a direct and proximate result of Defendant's breach of these tariffs, Plaintiff has suffered significant monetary damages exceeding one million five hundred thousand dollars ($1,500,000). In addition, Defendant owes Plaintiff late payment fees calculated per the applicable tariffs.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff against Defendant for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT II

## Alternative Claim for Quantum Meruit

24.     The allegations set forth in paragraphs 1 through 23 are incorporated herein by reference.

25.     In the alternative, it is averred that Plaintiff, at Defendant's request, and with Defendant's knowledge, acquiescence and acceptance, provided to Defendant exchange access services.

26.     In the course of providing such services, Plaintiff necessarily incurred various costs, and charges for labor, for use of its equipment and facilities and for other expenses.

27.     Defendant has refused, despite demand, to pay the fair value for the services furnished, although payment is past due.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff against Defendant for damages, plus an award of attorneys' fees, costs, expenses and

prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT III

### Alternative Claim for Unjust Enrichment

28.     The allegations set forth in paragraphs 1 through 27 above are incorporated herein by reference.

29.     Defendant obtained from Plaintiff exchange access services. Defendant received the benefits of those services and failed to make proper payment or restitution to Plaintiff for the services and benefits received.

30.     Defendant has been unjustly enriched at the expense of Plaintiff.

31.     Defendant's actions constitute an unjust retention of benefit owed to Plaintiff, which is contrary to the principles of equity and justice.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff against Defendant for damages, plus an award of attorneys' fees,

costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Lawrence P. McLellan*
Lawrence P. McLellan
Sullivan & Ward, P.C.
6601 Westown Parkway, Suite 200
West Des Moines, IA. 50266
Telephone: 515-247-4715
Facsimile:  515-244-3599
Email:  lmclellan@sullivan-ward.com

_/s/ Jeffrey J. Binder___
(*Motion for Admission Pro Hac Vice Pending*
Jeffrey J. Binder, Esq.
D.C. Bar #475821
The Watergate
Suite 1107 North
2510 Virginia Avenue, N.W.
Washington, D.C. 20037
Telephone: 202-965-0199
Email: j.j.binder@verizon.net

Attorneys for:
NORTHWEST Iowa Telephone LLC

Dated:  December 23, 2009

{00160213.DOCX }

7